# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| BARBARA JEAN SEALS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MISSOURI DEPARTMENT OF PUBLIC ) <br> HEALTH, ST. LOUIS DIVISION OF PUBLIC ) <br> SAFETY, MISSOURI PROBATION AND ) <br> PAROLE, RONALD WHITE and MARCIE ) <br> CLARK, ) <br> ) <br> Defendants. ) | No. 4:05-CV-1492-JCH |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Barbara Jean Seals for leave to commence this action without payment of the required filing fee [Doc. 1]. *See* 28 U.S.C. § 1915. Upon consideration of the financial information provided with the application, the Court finds that the applicant does not have sufficient funds to pay the entire filing fee. *See* 28 U.S.C. § 1915.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which

would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978), *cert. denied*, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

**The complaint**

Plaintiff seeks one million dollars in monetary relief for unemployment compensation and salary, with interest, for her work as a magistrate judge and with probation and parole from 1984 to 2005, and, apparently, prepaid burial. Plaintiff asserts that she works in public safety and public health positions for various schools, colleges and universities. She alleges appointments to positions by Presidents Clinton and Bush, and by an Attorney-General. She alleges that John Ashcroft hired defendants Clark and White, along with "Ruth Buder," as Supreme Court judges and that she was given a lateral transfer to probation and parole.

**Discussion**

The Court is mindful that the Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner. Even pro se litigants are obligated to plead specific facts and proper jurisdiction and must abide by the Federal Rules of Civil Procedure; however, plaintiff has failed to do so in this case. *See U.S. v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994); *Boswell v. Honorable Governor of Texas*, 138 F.Supp.2d 782, 785 (N.D. Texas 2000); Fed.R.Civ.P. 8(a)(2)(complaint should contain "short and plain statement" of claims);

2

Fed.R.Civ.P. 8(e)(2) (each claim shall be "simple, concise, and direct"); Fed.R.Civ.P. 10(b) (parties are to separate their claims within their pleadings "the contents of which shall be limited as far as practicable to a single set of circumstances"). Although the Court is to give plaintiff's complaint the benefit of a liberal construction, the Court will not create facts or claims that have not been alleged.

Thus, although plaintiff is proceeding pro se and in forma pauperis, the Court will not instruct her to file an amended complaint. Plaintiff's claims are legally frivolous or fail to state a claim upon which relief may be granted, or both. Thus, dismissal without prejudice is warranted based on her failure to prove a coherent and intelligible complaint in compliance with the Federal Rules of Civil Procedure. *Cf. Boswell,* 138 F. Supp.2d at 785-86 (dismissing pro se plaintiff's pleadings; Court could not determine nature of claims without resorting to improper speculation). In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. 1] be **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both. *See* 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 21st day of November, 2005.

/s/ Jean C. Hamilton
**UNITED STATES DISTRICT JUDGE**